UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JERMARCUS GRANDBERRY,           )
                                )
              Petitioner,       )
                                )
       v.                       )   CAUSE NO. 3:15-CV-0022 WL
                                )
SUPERINTENDENT,                 )
                                )
              Respondent.       )

OPINION AND ORDER

Jermarcus Grandberry, a *pro se* prisoner, filed a habeas corpus petition challenging the prison disciplinary hearing (IYC 14-09-52) held on September 16, 2015, where the Disciplinary Hearing Body (DHB) at the Indiana Youth Center found him guilty of attempting or conspiring to possess a deadly weapon in violation of A-106 and sanctioned him with the loss of 365 earned credit time and demoted him to Credit Class 2. The charge was initiated on September 8, 2014, when Sergeant Prulhiere wrote a conduct report:

> On September 8, 2014 at approximately 6:00 am I, Sergeant P. Prulhiere, completed an investigation on an incident that occurred on 8-26-2014 at approximately 8:14 am in cellL2-41. As a result of this investigation, I, Sergeant Prulhiere, have found sufficient evidence to charge Offender Grandberry, Jemarcus 963467 with possession of a deadly weapon. Other charges offender Grandberry is accountable for are 213B threatening and 215B theft. See attached report of investigation and confidential investigation summary.

(DE 9-1; 9-2.)

The investigation report provides:

> [I]t was reported that a robbery with the use of a weapon took place in Housing Unit West L Unit in Cell L20-41. I initiated a review of video and found that Offender Grandberry, Jermarcus 963497 was an active participant in this robbery as he was seen on video entering cell L2-41 with a second identified offender who will remain confidential. As described by a confidential witness, offender Grandberry was seen entering and exiting cell L2-41 at the approximate reported times as described. As

well as the video evidence, physical evidence was found on the upper range of L
Unit outside of Cell L2-24 which is the cell assigned to Grandberry. The physical
evidence matched the description of the items stolen from the alleged victim of the
reported robbery. Included with this evidence was a weapon (shank). As a result of
interviews with multiple confidential sources, it was found that this weapon did
belong to offender Grandberry and was presented in a threatening manner during the
process of a robbery. An interview was conducted on 8-26-2014 at approximately
3:45 pm by me, Sergeant Prulhiere, with Offender Grandberry in his cell Yellow 29.
Offender Grandberry admitted to me at that time that he and a second offender
entered cell L2-41 and took property belonging to another offender. As a result of
this investigation, I, Sergeant Prulhiere have found sufficient evidence to charge
offender Grandberry with possession of a deadly weapon. Offender Grandberry was
also found to be accountable for 213B threatening and 215B theft.

(DE 9-3.)

On September 13, 2014, Grandberry was notified of the charge and given a copy of the conduct report, the investigation report and the notice of hearing. (DE 9-1, 9-3, 9-4.) Grandberry pled not guilty, requested a lay advocate, asked to call Officer Crown and Dr. Lincks as alibi witnesses and requested the confidential investigation summary and the video as evidence. (DE 9-4.) Grandberry claimed that the "camera will show that [he] did not discard any stolen property or knife, or exit the cell with nothing." (Id.)

Officer Crown confirmed that Grandberry was at medical when the knife was found in a trash can. (DE 9-5.) Dr. Lincks provided a written statement, "Officer Knuckles pulled [Grandberry] out fo my counseling session to do a pat down. I don't recall if he found anything; I am thinking he did not as he allowed him to come back to my office. Hope this helps." (DE 9-6.) The video footage of the cell from which the property was stolen was reviewed and summarized as follows:

On 9/15/2014 at approximately 12:30 p.m. I, DHO L. Glenn did review video for case IYC-14-09-0052 for an incident involving offender Grandberry, Jemarcus #963467. On the date of 8/26/2014 on camera L unit 2nd range 1 at 8:14:49 a.m. offender Hubbard, Anthony #961161 and Grandberry, Jemarcus #963467 can be observed walking up the stairs to the 2nd range and immediately enter HUW cell L-41 and close the door behind them. On the same camera and on the same date at 8:19:24

2

a.m. an offender then exits the cell L-41 and runs down the stairs to the dayroom area of HUW-L.

(DE 9-8.)

The hearing officer conducted a disciplinary hearing on September 16, 2014, where Grandberry made a statement:

> I was planning on working out that day so I went to the cell to get some squares to smoke. Hubbard grabbed the bag that only had water in it to work out. When the inmate ran out he was going from cell to cell to find a cigarette. I never admitted to robbing anybody. In my theory, Sgt. [h]as no evidence, I went in there with nothing in my hand and come out with nothing in my hand. Everybody has access to that can. He just wanted to check out over a poker bag and missing items. It was a check in move. Dr. Kinks provided emailed statement. I don't want to plea out because they never found anything on me. Why didn't he ask for the CO's help. He told on the walk.

(DE 9-9.) Based on the evidence, including the offender's statement, video, confidential information, witnesses statement and staff reports, the hearing officer found Grandberry guilty of attempting or conspiring to possess a deadly weapon. (Id.)

> Grandberry administratively appealed, claiming:
>
> (According to polices and procedures #02-04-101 pg. 30 (E)) states, any evidence requested by an offender, either at the time of screening or during the disciplinary hearing, shall be addressed. Request for evidence shall not be denied without a written explanation documented on the Report of Disciplinary Hearing.
>
> This offender finds a due process violation in refusing to submit this offender with the requested video evidence proving that this offender never discarded any stolen property.

(DE 9-10.) His administrative appeal was denied, (DE 9-11), and he filed this federal habeas petition.

When prisoners lose earned time credits in a prison disciplinary hearing, they are entitled to certain protections under the Due Process Clause: (1) advance written notice of the charges; (2)

an opportunity to be heard before an impartial decision maker; (3) an opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by a fact finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563 (1974). To satisfy due process, there must also be "some evidence" to support the hearing officer's decision. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

Grandberry raises four grounds for relief in his habeas petition. Grandberry alleges his was denied video evidence and also complains that various prison policies were not followed. However, even if internal rules or policies were violated, this would not entitle Grandberry to federal habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (habeas relief is only available for a violation of the U.S. Constitution or other federal laws); *Hester v. McBride*, 966 F. Supp. 765, 775 (N.D. Ind. 1997) (violation of prison policy in disciplinary proceeding could not support grant of habeas relief, since federal habeas court "does not sit to correct any errors of state law").

Moreover, the Respondent argues that all of those claims, except whether Grandberry was denied access to video evidence, are procedurally defaulted because they were not presented to the Final Reviewing Authority. It is true that Grandberry must exhaust his available state remedies. *See Moffat v. Broyles*, 288 F.3d 978, 982 (7th Cir. 2002) ("[T]o exhaust a claim, and thus preserve it for collateral review under § 2254, a prisoner must present that legal theory to the . . . Final Reviewing Authority . . .."). Because the only issue Grandberry raised during his administrative appeal was whether he was denied access to video evidence, the other claims he now raises are procedurally defaulted. *Id.; Markham v. Clark,* 978 F.2d 993, 995 (7th Cir. 1992).

4

The sole remaining claim is whether Grandberry was denied video evidence of the trash can where the knife was found. (DE 1 at 2, 4.) An inmate has a right to present relevant, exculpatory evidence. *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). In his petition, Grandberry claims that he requested video evidence of the trash can where the weapon was found. As a threshold matter, he never made such a specific request. All Grandberry ever requested was "Camera will show that offender did not discard any stolen property or knife, or exit the cell with nothing." (DE 9-4.) In response to this rather general request, video was reviewed that showed his entry and exit of the cell from which the property was stolen. Nevertheless, the video produced also showed the trash can in question being moved around and pulled in and out of a nearby cell by two inmates. (DE 11-1 at 2.) While the video was not focused on the trash can the entire time, the prison satisfied Grandberry's request because the DHB reviewed and considered the video as requested by Grandberry. Thus, there has been no showing that Grandberry was deprived any due process. Therefore this claim is not a basis for habeas corpus relief.

For these reasons, the habeas corpus petition is **DENIED**.

SO ORDERED.

ENTERED: August 26, 2016

 s/William C. Lee
William C. Lee, Judge
United States District Court